IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**KERI M. TOWNS**                                                                        **PLAINTIFF**

**VERSUS**                                                **CIVIL ACTION NO.: 3:09CV136-M-A**

**NORTHEAST MISSISSIPPI**
**ELECTRIC POWER ASSOCIATION**                                         **DEFENDANT**

## MEMORANDUM OPINION

This cause comes before the court on the motion **[46]** of Defendant Northeast Mississippi Electric Power Association ("NEMEPA") seeking summary judgment.

Keri Towns began working for NEMEPA in April 2006 as a cashier. Towns alleges that around July or August 2007, she began having difficulty working with her hands. Towns' pain worsened over the next month to the point where her left hand would swell, turn cold, and become immobile. Linda Liggins, Towns' supervisor, suggested that Towns seek medical treatment.

Towns visited numerous doctors, including an orthopedist. Several diagnoses were made, including that Towns suffered from carpal tunnel syndrome and another that she has Kienbock's, a disease resulting in the deterioration of the wrist bone.

Towns was placed on thirteen weeks of short term disability beginning September 26, 2007 based on the recommendation of Dr. Shaun Helmhout. Dr. Helmhout listed on the disability form that Towns could return to work on October 10, 2007. Towns complied with this recommendation and returned to work on this day, but was apparently unable to perform her light duty restrictions. Towns did not return to work after this date.

NEMEPA terminated Towns on December 26, 2007, the last day she received her short

term disability. She subsequently underwent surgery to repair her carpal tunnel in both hands.

Towns filed the instant lawsuit on December 11, 2009, alleging violations of Title VII of the Civil Rights Act of 1964, the Family Medical Leave Act, and the Americans with Disabilities Act. Towns has conceded her ADA and race discrimination claims, thus her sole remaining claim of FMLA interference will be considered by the court.

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed.2d 265 (1986). An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed.2d 202 (1986). In reviewing the evidence, this Court must draw all reasonable inferences in favor of the nonmoving party, and avoid credibility determinations and weighing of the evidence. *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 150, 120 S. Ct. 2097, 2110, 147 L. Ed.2d 105 (2000). In so doing, the Court must disregard all evidence favorable to the moving party that the jury is not required to believe. *Reeves*, 530 U.S. at 151, 120 S. Ct. at 2110.

Defendant first argues that summary judgment is proper based on the doctrine of res judicata. The Fifth Circuit requires the following to preclude a claim under res judicata principles: (1) the parties must be identical in the two actions; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there must be a final judgment on the merits; and (4) the same claim or cause of action must be involved in both cases. *In re Ark-La-Tex Timber Co.*, 482 F.3d 319, 330 (5th Cir. 2007). The first two elements are irrefutably met.

2

Towns previously instigated legal action against NEMEPA, in April 2009 in federal district court alleging a violation of the Fair Labor Standards Act. An administrative order removing the case from the court calendar was entered on October 8, 2009. The order recognized that the parties were finalizing settlement and the court retained jurisdiction of the matter in the event settlement efforts were not finalized. The court entered an order dismissing the case with prejudice on October 18, 2010, over ten months after Towns filed her complaint in the case at bar. However, it is not required that a final judgment be rendered before the action was commenced to have preclusive effect. *Hogue v. Royse City, Tex.*, 939 F.2d 1249, 1254 (5th Cir. 1991). The third element of a final judgment is met in this case.

The Fifth Circuit employs the "transactional" test to determine whether the fourth element is satisfied. *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 403 (5th Cir. 2009). The critical issue is "whether the plaintiff bases the two actions on the same nucleus of operative facts." *Agrilectric Power Partners, Ltd. v. General Elec. Co.*, 20 F.3d 663, 665 (5th Cir. 1994) (quoting *Matter of Howe*, 913 F.2d 1138, 1144 (5th Cir. 1990)). This court determines what constitutes a transaction or series of transactions by weighing various factors, including "whether the facts are related in time, space, origin, or motivation; whether they form a convenient trial unit; and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 313 (5th Cir. 2004). The rule is that res judicata "bars all claims that were or could have been advanced in support of the cause of action on the occasion of its former adjudication, . . . not merely those that were adjudicated." *Matter of Howe*, 913 F.2d at 1144 (quoting *Nilsen v. City of Moss Point, Miss.*, 701 F.2d 556, 560 (5th Cir. 1983) (en banc)).

Towns' first suit involved a claim under the Fair Labor Standards Act and alleged that NEMEPA did not pay her overtime for work she performed outside of normal hours. A claim arising later for NEMEPA's failure to provide her with disability leave under the FMLA in no way would have supported her FLSA claim. Further, the cases relied on by Defendant involve the same action by the employer. Here, the two actions do not overlap, as the events surrounding them do not lead to the same act, such as failing to offer Towns' leave.

This court concludes that while Plaintiff perhaps should have included her FMLA claim in the previous suit, as both involve several of the same witnesses, the doctrine of res judicata does not bar her from bringing it now. The court does not consider Plaintiff's doctrine of laches argument because of its disposition of res judicata.

Defendant NEMEPA further argues that summary judgment should be granted on the merits on Plaintiff's FMLA interference claim.

The FMLA provides an "eligible employee" up to twelve weeks of unpaid leave in a twelve month period if the employee suffers a "serious health condition." 29 U.S.C. § 2612(a)(1). It is illegal "for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under" the Act. 29 U.S.C. § 2615(a)(1). To prevail on a claim for interference, Plaintiff must establish that her leave was protected under the FMLA, and that she provided sufficient information to allow her employer to determine the leave qualified under the Act. *Willis v. Coca Cola Enters, Inc.*, 445 F.3d 413, 416 (5th Cir. 2006).

NEMEPA's handbook administered to all employees contains a policy regarding leave under the FMLA. The policy states, in part, the following:

> An employee must give the Department Head at least 30 days' notice before the date the Leave is to begin if the need is foreseeable. In the case of unforeseen

circumstances, notice should be given as soon as practicable. The Certification of Physician/Practitioner may be required by the Employer.

NEMEPA Employee Handbook, Policy No. 503 at 3. Towns claims she inquired about FMLA leave from Selena Crabb. Crabb disputes this material fact. This court does not intend to make credibility determinations at this stage in litigation. *Bledsoe v. City of Horn Lake*, 449 F.3d 650, 652-53 (5th Cir.2006). However, even viewing this evidence in a light most favorable to Towns and taking her self-serving testimony as true, she cannot show express compliance with the policy. Ms. Crabb has stated her position at NEMEPA to be "executive secretary to the general manager." A request by Towns concerning FMLA leave to a secretary was inadequate notice under the policy for further action from her employer.

Towns may still prevail if she can show that she provided NEMEPA with enough information to reasonably apprise it of her request to take time off. *Satterfield v. Wal-Mart Stores, Inc.*, 135 F.3d 973, 977 (5th Cir. 1998). Timely notice of and sufficient information depend upon the facts and circumstances of each individual case. *Manuel v. Westlake Polymers Corp.*, 66 F.3d 758, 764 (5th Cir. 1995). "At a minimum, an employee must inform her employer of her condition with sufficient detail to make it evident that the requested leave is protected as FMLA-qualifying leave." *Satterfield*, 135 F.3d at 981 (quoting *Reich v. Midwest Plastic Eng'g, Inc.*, 1995 WL 514851, at *3 (W.D. Mich. 1995)). Establishing this requirement shifts the burden to the employer to make further inquiry as to whether the employee qualifies for FMLA protection. *Id*. at 982 (citing *Gay v. Gilman Paper Co.* 125 F.3d 1432, 1434-35 (11th Cir. 1997)).

The issue then to be resolved by this court is whether the facts and circumstances of this case reveal that Towns provided sufficient information to allow NEMEPA to determine whether any leave she requested was protected under the FMLA.

Towns suffers from either carpal tunnel syndrome or Kienbock's. However, the only diagnosis she reported to the manager of NEMEPA was Dr. Cole's report that she suffered from carpal tunnel syndrome. Further, this report was given prior to her short term disability form in which Dr. Helmhout states Towns may return to work on October 10. "Carpel tunnel syndrome, if sufficiently severe, can be a 'serious health condition' for purposes of the FMLA." *Price v. Marathon Cheese Corp.*, 119 F.3d 330, 335 (5th Cir. 1997). The Act defines a "serious health condition" as "an illness, injury, impairment, or physical or mental condition that involves[:] (A) inpatient care in a hospital, hospice, or residential medical care facility; or (B) continuing treatment by a health care provider." 29 U.S.C. § 2611(11).

Dr. Cole's report states that Towns may perform light duty. NEMEPA's managers stated that they never received any other medical report, and Towns does not assert that she provided her employer with the other diagnoses. The short term disability form that was signed by Selena Crabb and, presumably, approved by managers at NEMEPA includes a physician's recommendation that Towns could return to work on October 10, 2007.

Towns allegedly conversed with Arlin Spence, NEMEPA's office manager, sometime after October 10 at which time he stated he understood that Towns did not simply quit her job, but could not perform her job duties. She also had a phone conversation with Robert Collier, the general manager of NEMEPA, and asked if she could come back to work. However, in response, Collier referenced her light duty status, which implies he was unaware of any diagnosis other

6

than Dr. Cole's report or Dr. Helmhout's recommendation. These were the last medical representations upon which NEMEPA could rely.

Talking from time to time with her friend and accounts receivable manager, Linda Liggins, regarding the fact that she was visiting other doctors and what her diagnoses were does not bind NEMEPA with knowledge that Towns had an ongoing serious health condition. Towns merely informed upper management that she could not perform the light duty work due to pain on the date prescribed for her to return. This fact is not enough to put NEMEPA on notice that she had continuing treatment of a serious health condition as protected by the FMLA.

Towns did not provide sufficient information to NEMEPA that her condition led to entitlement of FMLA leave. She made no explicit request in compliance with the policy in her employee handbook and failed to update her employer with the medical reports prescribing her anything other than light duty and that she could return to work. Thus, Plaintiff's FMLA interference claim fails as a matter of law.

Plaintiff argues that the doctrine of equitable estoppel applies in this case. Plaintiff relies on the *Minard* case in support of her argument. *Minard v. ITC Deltacom Commc'ns*, 447 F.3d 352 (5th Cir. 2006). In *Minard*, Melissa Minard requested leave under the FMLA. ITC informed Minard that she was an "eligible employee" and was entitled to such leave, which she took. The employer was estopped from later asserting a defense of non-coverage. The facts in *Minard* are in no way analogous to the instant case. NEMEPA never assured Towns that she was eligible for FMLA leave and has never argued she was not covered by the FMLA. In fact, NEMEPA admitted after this litigation was instigated that Towns was eligible based on all the diagnoses

7

and has consistently argued she did not request such leave and NEMEPA was unaware she needed the same.

Further, Plaintiff's argument that NEMEPA made a representation to Towns that her job was safe is without evidence. Plaintiff does not state who made such a statement to her, and this court cannot locate even a mere scintilla of evidence to support this assertion. Equitable estoppel is not proper on these grounds.

The fact that Defendant fired Towns on the last day of her short term disability pay is separate and distinct from interfering with leave under the FMLA, as Towns is not arguing her termination was a retaliation for asserting or benefitting from rights under the Act. Termination while on disability is an American with Disabilities Act claim, which Towns conceded in her response to Defendant's motion. *Zimmer v. Southwestern Bell Telephone Co.*, 108 Fed.App'x 172 (5th Cir. 2004). This claim is no longer before the court and will not be considered.

Defendant's motion **[46]** is **GRANTED**.

This the 8th day of March, 2011.

                                        **/s/ MICHAEL P. MILLS**
                                        **CHIEF JUDGE**
                                        **UNITED STATES DISTRICT COURT**
                                        **NORTHERN DISTRICT OF MISSISSIPPI**