IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**KERI M. TOWNS**                                                        **PLAINTIFF**

**VERSUS**                                               **CIVIL ACTION NO.: 3:09CV136-M-A**

**NORTHEAST MISSISSIPPI**
**ELECTRIC POWER ASSOCIATION**                               **DEFENDANT**

## MEMORANDUM OPINION

This cause comes before the court on the motion **[58]** of Plaintiff Keri Towns to reconsider this court's grant of summary judgment in favor of Defendant, Northeast Mississippi Electric Power Association ("NEMEPA").

Keri Towns began working for NEMEPA in April 2006 as a cashier. Towns alleges that around July or August 2007, she began having difficulty working with her hands. Towns' pain worsened over the next month to the point where her left hand would swell, turn cold, and become immobile. Linda Liggins, Towns' supervisor, suggested that Towns seek medical treatment.

Towns visited numerous doctors, including an orthopedist. Several diagnoses were made, including that Towns suffered from carpal tunnel syndrome and another that she has Kienbock's, a disease resulting in the deterioration of the wrist bone.

Towns was placed on thirteen weeks of short term disability beginning September 26, 2007 based on the recommendation of Dr. Shaun Helmhout. Dr. Helmhout listed on the disability form that Towns could return to work on October 10, 2007. Towns complied with this recommendation and returned to work on this day, but was apparently unable to perform her light duty restrictions. Towns did not return to work after this date.

NEMEPA terminated Towns on December 26, 2007, the last day she received her short term disability. She subsequently underwent surgery to repair her carpal tunnel in both hands.

Towns filed the instant lawsuit on December 11, 2009, alleging violations of Title VII of the Civil Rights Act of 1964, the Family Medical Leave Act, and the Americans with Disabilities Act. Towns conceded her ADA and race discrimination claims. This court granted summary judgment in favor of NEMEPA on Towns' FMLA interference claim.[1]

While the Federal Rules of Civil Procedure do not specifically provide for a motion for reconsideration, the Fifth Circuit has held that such a motion may be entertained by a court and should be treated either as a motion to "alter or amend" pursuant to Rule 59(e) or a motion from "relief from judgment" pursuant to Rule 60(b). *Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 (5th Cir. 1991). Specifically, if the motion for reconsideration is filed and served within twenty-eight days of the rendition of judgment, the motion falls under Rule 59(e), and if it is filed and served after that time, it falls under the more stringent Rule 60(b). *Teal*, 933 F.2d at 347; *see also* Fed. R. Civ. P. 59(e).[2]

Under Rule 59(e), there are three possible grounds for granting a motion for reconsideration: (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent manifest injustice. *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990).

Towns claims that this court's grant of summary judgment of her FMLA interference claim constitutes a clear error of law and manifest injustice.

Towns first argues that the court's finding that she provided inadequate notice to

---

[1] *See* Doc. Nos. 56-57.

[2] There is no dispute that Plaintiff's motion meets the requirements for consideration under Rule 59(e). Plaintiff timely filed the instant motion on March 18, 2011.

NEMEPA regarding her desire to take FMLA leave was a clear error. In support, Towns refers to her brief in which she claims she asked Selena Crabb about FMLA leave. This court previously determined that Crabb disputed this fact. Specifically, by Towns' own admission, she inquired to Crabb about FMLA short-term disability. Crabb responded that FMLA and short-term disability were two different things, and asked if Towns meant the short-term disability plan that paid medical leave. Towns responded yes. However, the court assumed in its opinion that Towns did in fact ask Crabb about FMLA, since Towns was the non-movant.

Nonetheless, the court determined that Towns did not provide NEMEPA adequate notice under its policy. The policy states, in part, the following:

> ***An employee must give the Department Head at least 30 days' notice*** before the date the Leave is to begin if the need is foreseeable. In the case of unforeseen circumstances, notice should be given as soon as practicable. The Certification of Physician/Practitioner may be required by the Employer.

NEMEPA Employee Handbook, Policy No. 503 at 3 (emphasis added).

Towns argues that Crabb, as executive secretary to the general manager, was responsible for handling FMLA leave. Crabb stated at her deposition that she handled the forms for short-term disability and family medical leave. Crabb may handle this type of leave, but she is certainly not the "Department Head," who Towns was required to notify thirty days prior to taking leave.

Plaintiff further cites to the portion of the policy that states "[i]n the case of unforeseen circumstances, notice should be given as soon as practicable." This statement in the policy relates to the time frame, and does not eliminate the requirement that the employee give notice to the Department Head.

Plaintiff further argues that the court committed a clear error of law through its determination that Towns did not provide NEMEPA with enough information to reasonably apprise it of her request to take time off for a serious health condition.

"At a minimum, an employee must inform her employer of her condition with sufficient detail to make it evident that the requested leave is protected as FMLA-qualifying leave." *Satterfield v. Wal-Mart Stores, Inc.*, 135 F.3d 973, 981 (5th Cir. 1998) (quoting *Reich v. Midwest Plastic Eng'g, Inc.*, 1995 WL 514851, at *3 (W.D. Mich. 1995)). This court previously found that Plaintiff failed to inform her employer with any information that would prompt the association to suggest Towns take FMLA leave.

Plaintiff argues that she kept up with Linda Liggins, her immediate supervisor, during her leave.

Linda Liggins had no control over FMLA leave, and as accounts receivable manager, her duties were wholly unrelated to leave and employment decisions. Further, casual conversations from time to time do not provide sufficient detail. Liggins was asked if Plaintiff kept her updated on her medical problem, and responded "she would tell me . . . she was going to the doctor . . . what the doctor was saying, and that sort of thing." Towns cannot impute the knowledge of specific information contained in medical records to Liggins. Liggins never stated that she was aware Towns had received an excuse from one of her several doctors that she needed further studies and could not work at the time. The only information Towns claimed to directly "get straight with Linda" was that she did not simply walk off the job, but could not perform her job duties. This statement allegedly occurred during Plaintiff's short-term disability leave.[3] Thus,

---

[3]Plaintiff attempted to return to work during her short-term disability leave, but realized she was still having problems, and thus continued taking this leave.

the information provided to Liggins did not provide sufficient detail that Towns needed further leave under FMLA, but that she did need to continue her short-term disability leave.

Towns provided upper management of NEMEPA with two reports and nothing more. This information indicated that Towns could return to work to perform light duties. Plaintiff has presented no new facts, and the court finds no reason to retract its grant of summary judgment on her FMLA interference claim.

Plaintiff's motion **[58]** is **DENIED**.

This the 29th day of July, 2011.

                          **/s/ MICHAEL P. MILLS**
                          **CHIEF JUDGE**
                          **UNITED STATES DISTRICT COURT**
                          **NORTHERN DISTRICT OF MISSISSIPPI**